FILED
MAILROOM
AUG 2 5 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MELISSA MAIS,
Plaintiff,

v.

BTS; HYBE CO., LTD.; HYBE AMERICA, INC.; and BIGHIT MUSIC CO., LTD.,
Defendants.

Civil Action No. 1:26cv2759

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF AGREEMENT, ACCOUNTING, DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Melissa Mais, proceeding pro se, brings this action concerning musical works that Plaintiff alleges she authored and whose protectable expression was later used, reproduced, distributed, performed, published, or commercially exploited without her authorization. The works at issue include "Swim," "Hooligan," "2.0," "Body to Body," "Normal," and "Animal."

## I. PARTIES

1. Plaintiff Melissa Mais is resident of Florida, an individual working in Richmond Virginia since May 2026, as a live-in Nanny.
2. Defendant BTS is a musical group associated with BIGHIT MUSIC and HYBE. Plaintiff uses "BTS" as a group identifier. Plaintiff will amend the pleading if necessary to identify individual members as separate legal defendants after verification of their legal identities and service requirements.
3. Defendant HYBE Co., Ltd. is a Korean corporation headquartered in Seoul, Republic of Korea. HYBE's public corporate materials identify its headquarters at 42 Hangang-daero, Yongsan-gu, Seoul, Republic of Korea.
4. Defendant HYBE America, Inc. is a U.S.-based HYBE affiliate. HYBE's public corporate materials identify HYBE America's Los Angeles headquarters at 2121 Avenue of the Stars, Los Angeles, California 90067.
5. Defendant BIGHIT MUSIC Co., Ltd. is the HYBE-affiliated music label associated with BTS. Plaintiff will verify the entity's current legal name and service address before service.
6. Plaintiff pleads the defendants' roles and relationships based on information presently available and reserves the right to amend after discovery.

## II. JURISDICTION

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1338(a) because the principal claims arise under the Copyright Act, Title 17 of the United States Code.
8. Plaintiff's principal copyright claims arise under 17 U.S.C. §§ 106 and 501.

9. To the extent Plaintiff asserts related state-law claims arising from the same nucleus of operative facts, Plaintiff requests supplemental jurisdiction under 28 U.S C. § 1367, to the extent permitted by law.

## III. VENUE AND DIVISION

10. Plaintiff seeks to proceed in the Alexandria Division of the Eastern District of Virginia.
11. Plaintiff alleges that venue is proper to the extent one or more defendants are subject to suit in this district under 28 U.S.C. § 1391 and applicable copyright venue principles.
12. Plaintiff alleges that relevant exploitation, distribution, licensing, and revenue activities occurred or were directed in the United States, including through U.S.-based operations.
13. Plaintiff further alleges that relevant evidence and material events concerning the chronology and development of Plaintiff's works are connected to Virginia, including the May 4, 2023 events and audio evidence described below.
14. Plaintiff requests that the Court retain the action in Alexandria or, if it determines another division is proper, transfer the case rather than dismiss it.

## IV. PLAINTIFF'S AUTHORSHIP AND CREATIVE WORKS

15. Plaintiff alleges, based on her historical chronology and original records, that she is the author and originator of the musical expression at issue.
16. Plaintiff alleges that her authorship consists of concrete musical expression, including lyrics, melodies, hooks, musical structures, and fixed creative material—not merely abstract ideas or general themes.
17. The works at issue include "Swim," "Hooligan," "2.0," "Body to Body," "Normal," and "Animal."
18. Plaintiff specifically alleges that it was her creative work to create the content of "Hooligan" and "2.0" and the basic creative concepts embodied in those works.
19. Plaintiff further alleges that the novel structures embodied in "Body to Body," "Normal," and "Animal" originated with her and form part of a creative method she developed over time through cultural fusion.
20. Plaintiff alleges that her method combines musical, lyrical, rhythmic, structural, and cultural elements developed through her own creative work.
21. Plaintiff does not contend that copyright law protects an abstract idea, general genre, style, title, or concept standing alone. Plaintiff seeks protection for the original expression and fixed material she alleges was copied, incorporated, reproduced, or exploited.
22. Plaintiff will identify the particular protectable passages, melodies, recordings, lyric sheets, demos, and other fixed evidence supporting each work through exhibits and discovery.

## V. HISTORICAL CHRONOLOGY AND MAY 4, 2023 EVIDENCE

23. Plaintiff alleges that relevant creative material existed in her possession, memory, recordings, writings, performances, communications, or other fixed forms before or independently of defendants' releases of the disputed works.
24. On or about May 4, 2023, Plaintiff was in custody in Stafford County, Virginia.
25. Plaintiff alleges that during that period she performed, recited, communicated, or otherwise expressed original musical material.
26. Plaintiff alleges that law-enforcement personnel made an audio recording concerning events occurring on or about that date.
27. Plaintiff believes the recording may contain evidence relevant to authorship, chronology, creation, communication, and Plaintiff's expectation of compensation if her material was used.
28. Plaintiff has sought access to the recording and related records.
29. Plaintiff requests appropriate discovery and preservation of evidence concerning the recording and related communications or custody records.

## VI. DEFENDANTS' USE AND EXPLOITATION

30. Plaintiff alleges that one or more defendants released, distributed, promoted, performed, published, licensed, monetized, or otherwise exploited recordings associated with the works identified above.
31. Plaintiff alleges that substantial protectable expression from her original works was used in the disputed recordings without authorization.
32. Plaintiff alleges that defendants had or obtained access to the disputed creative material and/or that the similarities and other evidence support an inference of copying to be established through discovery and admissible evidence.
33. Plaintiff alleges that she was not properly credited or compensated for the creative expression she contends was used.
34. Plaintiff seeks discovery concerning songwriting credits, split sheets, publishing registrations, producer agreements, demos, session files, metadata, communications, distribution agreements, royalty records, and other documents relating to the disputed works

## VII. COUNT I — COPYRIGHT INFRINGEMENT

35. Plaintiff incorporates paragraphs 1–34.
36. Plaintiff owns, or claims ownership of, original copyrightable expression embodied in the disputed works.
37. Plaintiff understands that 17 U.S.C. § 411(a) generally requires registration or refusal of registration before a federal copyright infringement action is instituted. Plaintiff will provide the applicable registration numbers and effective dates before filing claims requiring registration.
38. Defendants allegedly infringed Plaintiff's exclusive rights by reproducing, distributing, publicly performing, publicly displaying, preparing derivative works from, licensing, or commercially exploiting Plaintiff's copyrighted expression without authorization.
39. Plaintiff alleges that the infringement was knowing and/or willful to the extent established by

the evidence.
40. Plaintiff has suffered monetary harm and alleges that defendants and/or their business partners have received revenues and other economic benefits attributable to the disputed works
41. Plaintiff seeks the remedies authorized by the Copyright Act.

## VIII. COUNT II — BREACH OF AGREEMENT / COMPENSATION, IN THE ALTERNATIVE

42. Plaintiff incorporates paragraphs 1–41.
43. Plaintiff alleges that communications and circumstances surrounding creation and use of her material established an agreement, express or implied, concerning authorization and compensation.
44. Plaintiff alleges that she supplied or performed the creative material contemplated by the agreement.
45. Defendants allegedly used the material without providing the compensation Plaintiff contends was agreed upon.
46. If an enforceable agreement is established, Plaintiff seeks damages for breach in an amount proven by the evidence.

## IX. COUNT III — ACCOUNTING AND DISGORGEMENT

47. Plaintiff incorporates paragraphs 1–46.
48. Defendants possess or control information concerning streams, downloads, publishing income, performance income, licensing income, distribution income, royalties, and other revenues associated with the disputed works.
49. Plaintiff cannot determine the full amount attributable to the disputed works without discovery.
50. Plaintiff requests a complete accounting and all monetary relief available under applicable law.

## X. COUNT IV — DECLARATORY AND INJUNCTIVE RELIEF

51. Plaintiff incorporates paragraphs 1–50.
52. An actual controversy exists concerning authorship, ownership, authorization, and exploitation of the disputed works.
53. Plaintiff seeks a declaration concerning her rights and defendants' alleged infringement.
54. Plaintiff further seeks appropriate injunctive relief where the statutory requirements are satisfied.

## XI. DAMAGES

55. Plaintiff incorporates paragraphs 1–54.
56. Plaintiff has suffered and continues to suffer financial harm.
57. Plaintiff seeks actual damages and attributable profits as authorized by law and statutory

damages only where legally available.

58. Plaintiff presently seeks monetary relief in an amount to be established through discovery and trial, including damages presently estimated to exceed $500,000, subject to proof and applicable statutory limitations.

59. Plaintiff also seeks allowable costs, interest, and other relief authorized by law.

## XII. PRESERVATION OF EVIDENCE

60. Plaintiff requests preservation of evidence concerning creation, authorship, recording, publication, distribution, licensing, ownership, and monetization of "Swim," "Hooligan," "2.0," "Body to Body," "Normal," and "Animal."

61. Such evidence includes original project files, recordings, demos, lyric sheets, metadata, publishing registrations, songwriter splits, producer agreements, contracts, emails, text messages, direct messages, distribution records, royalty statements, platform records, and communications concerning Plaintiff's claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Plaintiff's rights in the copyrighted works established through the evidence;
B. Determine whether defendants infringed Plaintiff's copyrights;
C. Award actual damages and defendants' attributable profits as permitted by law;
D. Award statutory damages for works for which statutory damages are legally available;
E. Enter appropriate injunctive relief against continuing infringement;
F. Order a complete accounting of revenues, royalties, profits, licensing income, streaming income, publishing income, and other financial benefits attributable to the disputed works;
G. Award allowable costs and interest;
H. Award attorney's fees only to the extent authorized by law; and
I. Grant such other relief as the Court considers just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues for which a jury trial is available.

Respectfully submitted,

Melissa Mais
Plaintiff, Pro Se
Address: 4001 Hillcrest Dr., Apt. 414, Hollywood, FL 33021
Telephone: 7542981702
Email: Melissamaiss@gmail.com
Date: August 20, 2026
Signature: ______________________
Melissa Mais, Plaintiff Pro Se