IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MELISSA MAIS,<br><br>Plaintiff,<br><br>v.<br><br>BTS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:26-cv-2759 (LMB/WEF) |

ORDER

Acting pro se, plaintiff Melissa Mais ("plaintiff" or "Mais") has filed two civil actions claiming that the respective defendants in each Complaint have violated her copyrights in various pieces of music. In civil action 1:26-cv-2759 ("Action 2759"), she sues a musical group she calls "BTS"; a related Korean corporation, HYBE Co. Ltd.; HYBE America Inc., located in Los Angeles, California; and Bright Music Co. Ltd., a music label associated with BTS with an unknown address. Plaintiff describes herself as a Florida resident who has been living in Richmond, Virginia since May 2026, where she works as a live-in nanny.

In civil action 1:26-cv-2818 ("Action 2818"), Mais sues Javan Nicholas Fearon, a recording artist known as Masika," with an address in Jamaica and some connection to a New York City based recording company, Def Jam Recordings.

In both Complaints, plaintiff alleges that on May 4, 2023, while she was in custody in Stafford County, Virginia, she "performed, recited, communicated, or otherwise expressed original musical material." 1:26-cv-2759 [Dkt. No. 1] at ¶¶ 24-25; 1:26-cv-2818 [Dkt. No. 1] at ¶ 19. She describes that musical material as having been "used, reproduced, distributed, performed, published, or commercially exploited without her authorization," and names the

pieces in Action 2759 as “Swim,” “Hooligan,” “2.0,” “Body to Body,” “Normal,” and “Animal,” and in Action 2818 as “Whites,” “Rich Sex,” “Mute,” and “Scope.”

These May 4, 2024, events are alleged to have been audio recorded by law enforcement, and plaintiff has included in both Complaints a request that the prison produce the audio recording. Each Complaint contains the same four causes of action: Copyright Infringement (Count I), Breach of Oral Agreement (in the alternative) (Count II), Accounting and Disgorgement (Count III), and Declaratory and Injunctive Relief (Count IV). Each Complaint seeks more than $500,000 in damages.

In each civil action, plaintiff has also filed a Motion to Proceed in Forma Pauperis. When a pro se litigant seeks leave to file a complaint in forma pauperis, the Court has an independent obligation to review the proposed Complaint to ensure it alleges cognizable causes of action over which the Court has jurisdiction and to prevent meritless or fanciful litigation from misusing scarce judicial resources. See 28 U.S.C. § 1915(e)(2)(B).

In each Complaint, plaintiff does not allege facts sufficient to support her claims. Instead, throughout the Complaints, plaintiff states that she “will show,” “will attach,” or “will offer,” certain statements and pieces of evidence to support her claims; she does not append those documents or allege particularized facts sufficient to support her claims.

Count I alleges copyright infringement, but plaintiff does not allege that she has any registered copyright that would enable her to assert a protectable copyright interest in federal court. See 17 U.S.C. § 411(a) (“[N]o civil action for infringement of the copyright . . . shall be instituted until preregistration or registration of the copyright claim has been made . . . .”). She states only that she “will provide the applicable registration numbers and effective dates before filing claims requiring registration.” 1:26-cv-2759 [Dkt. No. 1] at ¶ 37 accord 1:26-cv-2818

[Dkt. No. 1] at ¶ 39. Further, she does not allege when, where, or how the infringement occurred, but only that "Defendant and/or persons acting on Defendant's behalf distributed, promoted, streamed, performed, licensed, or otherwise commercially exploited the disputed recordings." 1:26-cv-2759 [Dkt. No. 1] at ¶ 29; accord 1:26-cv-2818 [Dkt. No. 1] at ¶ 30. Such allegations are too vague to state a plausible claim.

Count II alleges that plaintiff and defendants formed an oral "enforceable agreement," under which "she supplied or performed the creative material contemplated by the agreement," and that defendants breached the agreement when they "used the material without providing compensation." 1:26-cv-2759 [Dkt. No. 1] at ¶¶ 44-46; accord 1:26-cv-2818 [Dkt. No. 1] at ¶¶ 46-49. Plaintiff does not identify the particular person with whom she entered the alleged oral agreement, when it was entered, the amount of compensation allegedly promised, or any other non-conclusory facts that would reasonably support the existence of an agreement.

Counts III and IV are more accurately characterized as requested relief. In Count III, plaintiff "requests an accounting and all monetary relief available under applicable law," and in Count IV plaintiff "seeks a declaration concerning her rights and defendants' alleged infringement" and "appropriate injunctive relief." 1:26-cv-2759 [Dkt. No. 1] at ¶¶ 50, 53-54; accord 1:26-cv-2818 [Dkt. No. 1] at ¶¶ 53, 56-57.

Although these Complaints must be afforded a liberal construction because plaintiff is proceeding pro se, Erickson v. Pardus, 551 U.S. 89, 94 (2007), liberal construction does not save from dismissal a complaint as vague and meritless as this these. Accord Naja v. Zahir, 2021 WL 5348671, at *5 (E.D. Va. Nov. 16, 2021). Accordingly, plaintiff's Motion to Proceed in Forma Pauperis, [Dkt. No. 2], is GRANTED, and it is hereby

ORDERED that this Complaint be and is DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 12(b)(6) for failure to state plausible causes of action; and it is further

ORDERED that plaintiff has until 5:00 PM on October 9, 2026, to file a properly amended version of this Complaint. Any amended complaint will become the only operative complaint in this civil action.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and plaintiff, pro se.

Entered this 18 day of September, 2026.

Alexandria, Virginia

/s/

**Leonie M. Brinkema**
**United States District Judge**