IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MELISSA MAIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-cv-2759 (LMB/WEF) |
| | ) | |
| BTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On September 18, 2026, after fulfilling its independent obligation to review complaints filed by pro se plaintiffs proceeding in forma pauperis to ensure that meritless or fanciful claims are promptly dismissed, 28 U.S.C. § 1915(e)(2)(B), the Court issued an Order dismissing without prejudice Melissa Mais's ("plaintiff" or "Mais") original four-count Complaint because it did not allege facts sufficient to support her claims. [Dkt. No. 4]. Specifically, as to Count I, the original Complaint failed to allege that plaintiff "has any registered copyright that would enable her to assert a protectable copyright interest in federal court," and did not allege "when, where, or how the infringement occurred." Id. at 2-3. As to Count II, the Complaint failed to allege "non-conclusory facts that would reasonably support the existence of an [oral] agreement," to support plaintiff's breach of oral agreement claim. Id. Counts III and IV, respectively seeking accounting and a declaration, were similarly defective as they really describe a remedy rather than a cause of action. The Order provided plaintiff 21 days in which to file an Amended Complaint.

In response to that Order, Mais has filed an Amended Complaint which alleges the same four claims against the same defendants, including the music group BTS and associated businesses. Count I again alleges copyright infringement for five pieces of music on BTS's

album "Arirang," which was released on March 20, 2026, and Count II again alleges that defendants have breached an oral agreement;[1] however, the Amended Complaint fails to resolve the material defects in the original Complaint that the Court described in its previous Order.

Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" an action filed in forma pauperis "at any time if the court determines that" the action is "frivolous" or "fails to state a claim on which relief may be granted." A frivolous complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks a factual basis when the allegations are "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." Naja v. Zahir, No. 3:21-cv-361, 2021 WL 5348671, at *6 (E.D. Va. Nov. 16, 2021) (quoting Denton v. Hernandez, 504 U.S. 25, 25 (1992)).

Having reviewed the Amended Complaint, it is clear that it must also be dismissed as frivolous. For example, plaintiff still does not have a registered copyright for any of the songs at issue, which she acknowledges is required to bring a copyright infringement claim. Although Mais alleges that she "submitted copyright registration applications" for these musical compositions on September 29, 2026, the applications "are currently pending before the U.S. Copyright Office." [Dkt. No. 5] at 14. Plaintiff "does not allege," nor could she, "that the pending applications are completed registrations." Id.

In addition to being legally meritless, Count I also fails because plaintiff does not allege plausible, non-conclusory facts to support it. The only facts added to the Amended Complaint to support the alleged copying are plaintiff's "work-specific allegations" for each of the five BTS

[1] Counts III and IV of the Amended Complaint, like the original Complaint, are more accurately characterized as requests for discovery and relief. In Count III, plaintiff requests a "complete accounting" and "all monetary relief available," and in Count IV she requests injunctive relief and "seeks a declaration concerning her rights and defendants' alleged infringement." [Dkt. No. 5] at 16.

songs that she alleges copy her "protectable expression"; however, it consists only of a recitation of the BTS song lyrics and conclusory allegations that "defendants had or obtained access" to an alleged recording of plaintiff, discussed below, "and/or that similarities and other evidence support an inference of copying to be established through discovery." Id. at 13.

Further, Count I is frivolous because the claim depends on an alleged audio recording, the existence of which is contradicted within the Amended Complaint itself. Plaintiff alleges that on May 4, 2023, while she was in custody in Stafford County, Virginia, Sheriff Edwin Dorkin audio recorded her when she "performed, recited, communicated, or otherwise expressed original musical material," and that she instructed Sheriff Dorkin to "give these songs" to the defendants. Id. at 5, 11-12. Although her claims depend on the alleged audio recording, the Amended Complaint fails to allege any non-conclusory facts explaining how defendants received the alleged audio recording or otherwise had access to her musical creations. In fact, the exhibits attached to the Amended Complaint indicate that no such recording exists. The two exhibits consist of images of two communications requesting a copy of the alleged audio recording. First, in an email she sent to Sheriff Dorkin on May 27, 2026, plaintiff requests that he send her the recording, which she "desperately need[s] in order to file a lawsuit" against BTS for "stealing [her] song 'SWIM,'" and against "multiple other artists." [Dkt. No. 5-1]. Sheriff Dorkin responded on June 2, 2026, stating only that he had "referred [her] request to the appropriate person who takes care of that." Id. He does not acknowledge that such a recording exists. Second, plaintiff corresponded with the Administrative Services Division of the Stafford County Sheriff's Office via its the Sheriff Office's NextRequest online portal regarding a FOIA request. According to the portion of the communication provided, plaintiff requested that the audio recording be sent to her "in order to file multiple law suits [sic] against artist [sic] that are using

[her] work." That request was closed on June 18, 2026, because "the records [she had] requested could not be located." [Dkt. No. 5-2].

The claim in Count II that defendants breached an alleged oral agreement with plaintiff fails for multiple reasons. As with the original Complaint, the Amended Complaint fails to describe any specific facts that make out a plausible claim of any agreement between plaintiff and the defendants. The Amended Complaint alleges that the "communications and circumstances surrounding creation and use of her material established an agreement, express or implied, concerning authorization and compensation." [Dkt. No. 5] at 15. It does not identify the person with whom Mais entered the alleged oral agreement, when it was entered, the amount of compensation allegedly promised, or any other non-conclusory facts that would reasonably support the existence of an agreement. For all these reasons, it is hereby

ORDERED that the Amended Complaint be and is DISMISSED.[2]

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment in defendants' favor pursuant to Federal Rule of Civil Procedure 58, mail a copy of this Order to plaintiff, pro se, and close this civil action.

Entered this 22nd day of October, 2026.

/s/ [signature]
Leonie M. Brinkema
United States District Judge

[2] The dismissal is with prejudice because it is clear from the fanciful allegations in the original Complaint and plaintiff's inability to correct any of these flawed allegations that plaintiff is pursuing meritless claims for which further amendment would be futile and serve only to usurp scarce judicial resources.